PEOPLE *v.* BLACKWELL

1. APPEAL AND ERROR—JURY INSTRUCTION.
   A defendant may not question on appeal an instruction given
   to the jury when no objection was raised at trial court
   (GCR 1963, 516.2).

2. TRIAL—JURY—CRIMINAL LAW—BREAKING AND ENTERING.
   Submission of a breaking and entering case to a jury for
   determination was proper where there was conflicting testi-
   mony as to the issues presented (CL 1948, § 750.110, as
   amended by PA 1964, No 133).

Appeal from Recorder's Court of Detroit, Vincent
J. Brennan, J. Submitted Division 1 May 7, 1969,
at Detroit. (Docket No. 4,083.) Decided May 27,
1969.

Louis Myron Blackwell was convicted of breaking
and entering a business place with intent to commit
larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*John F. Mayer,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623.
[2] 5 Am Jur 2d, Appeal and Error § 834 *et seq.*

BEFORE: Holbrook, P. J., and McGregor and Bronson, JJ.

Per Curiam. Defendant Louis Myron Blackwell was tried by a jury and convicted of breaking and entering a business place with intent to commit larceny, CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305). He was sentenced to serve a term of two to ten years. On appeal there are two assignments of error.

Defendant contends that the trial judge committed error in his instructions to the jury in referring to prior convictions of a witness. The objected to portion of these instructions was to the effect that "some previous convictions" of defendant's principal witness could be used by the jury for only the purpose of testing the credibility of the witness. The facts in the case were that only one prior conviction of this witness was shown. No objection was raised at the time this instruction was given. GCR 1963, 516.2 provides in part that "no party may assign as error the giving or the failure to give an instruction unless he objects thereto." Defendant may not for the first time on appeal question the instruction given to the jury.

Defendant also argues that the trial court should have directed a verdict of acquittal for defendant. An examination of the record shows that there was conflicting testimony as to the issues presented. It was proper to submit the case to the jury for determination.

Affirmed.